UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**CHERYL McGRATH,**

      **Defendant.**

Case No. 2:17-cr-125
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Cheryl McGrath's ("Defendant") request to modify her term of imprisonment (ECF No. 63) and motion for compassionate release (ECF No. 64). The Government opposes both motions. (ECF Nos. 65, 66.) For the following reasons, the Court **DENIES** both of Defendant's motions.

**I.**

On June 22, 2017, Defendant pleaded guilty to one count of willful failure to pay over tax, in violation of 26 U.S.C. § 7202, and one count of healthcare fraud, in violation of 18 U.S.C. § 1347. (ECF No. 20.) On April 26, 2018, Defendant was sentenced to 36 months' imprisonment and a three-year term of supervised release. (ECF No. 28.) After Defendant began her term of imprisonment, she escaped from prison. Following her escape, Defendant was charged in the Southern District of West Virginia with one count of attempting to escape from custody, in violation of 18 U.S.C. § 751(a). *See* Case No. 5:18-cr-155. Defendant subsequently pleaded guilty to that count and was sentenced to 12 months' imprisonment to be served consecutively to the 36-month sentence she received in this case.

1

Due to the COVID-19 pandemic, Defendant filed a motion for compassionate release on March 31, 2020, which this Court denied on June 22, 2020. (*See* ECF Nos. 50, 55.) Defendant now moves the court again for a compassionate release due to the COVID-19 pandemic. (ECF No. 64.) Defendant has also moved the Court to modify her term of imprisonment and place her in a halfway house under 18 U.S.C. § 3624(c)(1). (ECF No. 63.)

## II.

Defendant asks the Court to modify her term of imprisonment under 18 U.S.C. § 3624(c)(1) and place her in a residential reentry center for the final 12 months of her custodial sentence. That statute provides:

> (c) Prerelease custody.—
>
> > (1) In general.—The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

§ 3624(c)(1). The Court lacks jurisdiction to modify Defendant's term of imprisonment under this provision. The text of the statute makes clear that only the "Director of the Bureau of Prisons" has the discretion to place a prisoner in a "community correctional facility" for the final months of the term of imprisonment. *Id.* A different statutory provision gives the Court jurisdiction to modify a term of imprisonment under limited circumstances. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has filed a motion for compassionate release under § 3582(c)(1)(A)(i), which the Court takes up next.

### III.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that

3

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

## IV.

Defendant asks the Court for a compassionate release, raising new arguments for release that were not raised in her March 31, 2020 motion for compassionate release. In this motion, Defendant cites two bases for releases: (1) that she has been diagnosed with Hidradenitis Suppurativa, a disease that can cause painful lumps under the skin;[1] and (2) that her husband is "laid up" with 4–5 broken ribs, making her the only available caregiver for her 16-year-old child and 12-year-old nephew. (ECF No. 64.) Defendant argues that her Hidradenitis Suppurativa leaves her more vulnerable to COVID-19 and that her conditions of confinement leave her unable to properly treat the disease. Defendant did not provide any documents in support of her claims.

The Government opposes Defendant's release, arguing that: (1) Defendant has not complied with the administrative requirements of § 3582(c)(1)(A); (2) that Defendant has not presented extraordinary and compelling circumstances justifying release; and (3) that the

---

[1] American Academy of Dermatology Association, *Hidradenitis Suppurativa: Overview* (accessed on Jan. 26, 2021), https://www.aad.org/public/diseases/a-z/hidradenitis-suppurativa-overview.

4

sentencing factors do not warrant release. (ECF No. 66.) The Court agrees with the Government on all three points.

### A. Administrative Exhaustion Requirement

Before the Court can consider a motion for compassionate release, a defendant must ordinarily satisfy the administrative requirements of § 3582(c)(1)(A). The statute provides that the Court "may not modify" a term of imprisonment "upon motion of the defendant" until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier[.]" § 3582(c)(1)(A).

Defendant has not presented any records showing that she submitted a request to the warden to grant her a release prior to brining this motion. She has attached the warden's denial of her request for reduction in sentence from April 28, 2020 that corresponded with her first motion for compassionate release, but there is no indication that Defendant submitted a request to the warden to reduce her sentence prior to filing this subsequent motion. Thus, the Court must determine whether Defendant's prior request—submitted before the Court denied Defendant's first motion for compassionate release—is sufficient to permit the Court to consider Defendant's second motion for compassionate release.

In the context of this case, the Court finds that Defendant's initial request to the warden does not satisfy the statute's administrative requirements. Defendant's second motion raises entirely new arguments for relief that were not presented to the warden in Defendant's initial request. Furthermore, nearly 9 months have passed since the warden denied Defendant's initial request. Defendant cites to *United States v. Skrine*, No. 2:15-CR-160, 2021 WL 71233 (W.D. Pa. Jan. 8, 2021), in support of the position that she should not be required to submit a new request to

5

the warden. (ECF No. 67 at 2.) *Skrine* is not persuasive. In that case, the defendant filed a "renewed" motion for compassionate release following the denial of the defendant's initial motion for compassionate release. *Id.* at *1. The court construed the "renewed" motion as a motion for reconsideration because the "evidentiary record" was a "significantly changed one" and showed that the defendant's health had "continuously deteriorated in serious ways" since the court had denied the defendant's first motion for compassionate release. *Id.* Those circumstances are not present here. Indeed, there is no evidentiary record before the Court on this motion.

Moreover, Defendant has not presented any reasons for waiving the statute's administrative requirements. In the context of the COVID-19 pandemic, some courts have determined that § 3582(c)(1)(A)'s administrative requirements are not jurisdictional and can be waived by the district court. *See United States v. White*, No. 13-CR-20653-1, 2020 WL 2557077, at *3 (E.D. Mich. May 20, 2020) (citing *United States v. Atwi*, No. 18-20607, 2020 WL 1910152, at *3 (E.D. Mich. Apr. 20, 2020); *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (Rakoff, J.). Here, however, Defendant has not argued that the administrative requirements should be waived, and the Court sees no basis for waiving the requirements. *Cf. Haney*, 454 F. Supp. 3d at 321 (waiving administrative requirement because, "under present circumstances, each day a defendant must wait before presenting what could otherwise be a meritorious petition threatens him with a greater risk of infection and worse.")

### B. Extraordinary and Compelling Reasons

Even if Defendant satisfied the statute's administrative requirements, she has not shown extraordinary and compelling reasons justifying her release. When an incarcerated person files a motion for compassionate release—as Defendant has done here—the Court has "full discretion to

6

define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9.

As an initial matter, Defendant has not presented any records in support of her claims. Thus, Defendant cannot meet her burden of establishing extraordinary and compelling reasons. *See United States v. Elias*, —F.3d—, No. 20-3654, 2021 WL 50169, at *3 (6th Cir. Jan. 6, 2021) ("Initially, we note that Elias did not provide any records in her motion to support that she has hypertension. The district court could have denied Elias's motion for compassionate release on this basis."). Furthermore, taking Defendant at her word regarding her Hidradenitis Suppurativa, Defendant has not show that this medical condition—while serious and undoubtedly difficult to deal with—places her at an increased risk of complications from COVID-19. The BOP is equipped to provide medical care to incarcerated persons. *See United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)) ("medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release").

### C. Sentencing Factors

Finally, the sentencing factors also counsel against releasing Defendant. Before granting a compassionate release, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A). Those factors are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

7

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

The Court's analysis of the sentencing factors remains unchanged from its denial of Defendant's first motion for compassionate release.  (*See* ECF No. 55 at 7–8.)  The only new argument on the sentencing factors raised in Defendant's second motion is that 6 months have passed.  Defendant engaged in a serious fraud offense and attempted to escape from her duly imposed sentence.  An early release therefore would not "promote respect for the law;" "provide just punishment for the offense;" or "afford adequate deterrence to criminal conduct[.]"  § 3553(a)(2).

## V.

Accordingly, the Court **DENIES** Defendant's request to modify her term of imprisonment (ECF No. 63) and **DENIES** Defendant's motion for compassionate release (ECF No. 64).  This order also resolves ECF No. 65 (the Government's response in opposition to ECF No. 63), which is fashioned on the docket as a pending motion to dismiss for lack of jurisdiction.

**IT IS SO ORDERED.**

2/3/2021                                                   s/Edmund A. Sargus, Jr.
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**